J-S47014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADRIAN ALLEYNE | |
| Appellant | No. 3468 EDA 2016 |

Appeal from the PCRA Order October 19, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000906-2014

BEFORE: LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 07, 2017**

Adrian Alleyne appeals from the order, entered in the Court of Common Pleas of Montgomery County, dismissing, without a hearing, his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. After careful review, we affirm based on the well-reasoned PCRA court opinion.

Alleyne was charged with making false alarms to agencies of public safety,[1] stalking,[2] harassment,[3] and disorderly conduct.[4] These charges

_____

[1] 18 Pa.C.S.A. § 4905(a).

[2] 18 Pa.C.S.A. § 2709.1(a)(1).

[3] 18 Pa.C.S.A. § 2709(a)(7).

[4] 18 Pa.C.S.A. § 5503(a)(4).

arose out of Alleyne's attempts to contact his ex-girlfriend, Jennifer Stallings. The evidence presented at trial showed that on November 15, 2013, Stallings received numerous calls from the payphone located outside the public library near Laurel House, the women's shelter where Stallings was living. The payphone was also used to make a false report of a fire at Laurel House, and Alleyne was seen lingering in the vicinity.

Following a non-jury trial on October 31, 2014, the court convicted Alleyne of all charges. On January 15, 2015, the court sentenced Alleyne to an aggregate term of four to ten years' imprisonment. Alleyne filed a post-sentence motion for reconsideration of sentence, which was denied on January 27, 2015. Alleyne timely appealed, and this Court affirmed his judgment of sentence on December 7, 2015. The Supreme Court of Pennsylvania denied Alleyne's petition for allowance of appeal on June 28, 2016.

Alleyne timely filed the instant PCRA on August 3, 2016. On August 10, 2016, counsel was appointed to represent Alleyne. Alleyne's counsel, having found no meritorious claims to pursue, filed a no-merit letter, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), on September 15, 2016. On September 21, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Alleyne's PCRA petition without a hearing and permitting PCRA counsel to withdraw. Alleyne responded, objecting to the dismissal, and the PCRA court entered its final order of

dismissal on October 20, 2016. Alleyne timely appealed, and raises the following issues for our review:

> 1. Did trial counsel render ineffective [assistance] that undermined the truth determining process causing Mr. Alleyne to be deprived of a fair trial and did appellate/P.C.R.A. counsel render ineffective [assistance] and deprive Mr. Alleyne of a meaningful appeal?[5]
>
> 2. Did the prosecutor commit misconduct in withholding discovery materials that would have changed the outcome of the trial had they been provided . . . and did the prosecutor commit misconduct depriving appellant of a fair trial?

Appellant's Brief, at 4.

After thorough review of Alleyne's arguments, the record, and relevant case law, we rely upon the well-reasoned opinion of the Honorable William R. Carpenter in disposing of Alleyne's claims. *See* PCRA Opinion, 01/23/17. Judge Carpenter properly determined that trial counsel was not ineffective in in failing to compel discovery of Stalling's phone records to establish Stalling's communication with Alleyne at the time of the incident, as any calls Stalling may have made are irrelevant to his claims that *he* did not make threatening phone calls or call in a 911 false report. Further, the

---

[5] Alleyne presented this issue more clearly in his Pa.R.A.P. 1925(b) statement, alleging: "Trial counsel was ineffective for failing to request discovery materials and order from the higher court to ensure that [Alleyne] was able to prepare a defense and present evidence in [his] favor." Concise Statement of Matters Complained of on Appeal, 11/22/16, at 1. Further, because Alleyne failed to raise the claims that his appellate counsel and his PCRA counsel were both ineffective in his 1925(b) statement, he has waived those issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii).

PCRA court properly determined that Alleyne's claims of prosecutorial misconduct were waived, as those claims could have been raised on direct appeal. *See* 42 Pa.C.S.A. § 9544(b) (an issue is waived if appellant "could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state post [-]conviction proceeding.").

Accordingly, we affirm the order dismissing Alleyne's PCRA petition, and direct the parties to attach a copy of Judge Carpenter's opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-46-CR-0000906-2014
:
V. :
:
ADRIAN ALLEYNE : 3468 EDA 2016

OPINION

CARPENTER J. JANUARY 23, 2017

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Adrian Alleyne ("Alleyne"), appeals from the final order

of dismissal dated October 19, 2016, dismissing his petition seeking post-

conviction relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541-9546, in which he sought to collaterally attack his convictions

of stalking, harassment, disorderly conduct and false alarms. The dismissal was

based on counsel's no-merit letter submitted in accordance with

Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v.

Finley, 550 A.2d 213 (Pa.Super. 1988) and this Court's independent review of

the record.

Alleyne's convictions arose out of the harassment of his former

girlfriend, Jennifer Stallings, and of his false reporting to 911 of a fire at Laurel

House woman's shelter, where Ms. Stallings resided on the date that these

crimes occurred, November 15, 2013. After a brief investigation, Alleyne was arrested and criminal charged.

This matter went to a non-jury trial on October 31, 2014, and at the conclusion Alleyne was found guilty of the aforementioned charges. On January 15, 2015, Appellant was sentenced to an aggregate term of 4 to 10 years' imprisonment. A timely post-sentence motion was filed on January 22, 2015, and was denied on January 7, 2015. A timely notice of appeal was filed on February 24, 2015. The Pennsylvania Superior Court affirmed Alleyne's judgment of sentence on December 7, 2015. On June 28, 2016, the Pennsylvania Supreme Court denied Alleyne's petition for allowance of appeal. No further appeal was taken.

On August 3, 2016, Alleyne filed a first timely PCRA, at issue in this appeal. Therein, he alleged that appellate counsel was ineffective in not enforcing a motion to compel discovery. More specifically, Alleyne argued that had his attorney requested Ms. Stalling's cell phone records from the Commonwealth, he could have verified her communication with him during the events of November 15, 2013. In addition, Alleyne alleged that he was denied a fair trial because the trial court allowed circumstantial evidence to be admitted at trial and because the trial court did not allow evidence of his mental health history.

On August 10, 2016, an order was entered appointing PCRA counsel to represent Alleyne. Having found no meritorious issues to pursue,

2

PCRA counsel filed a <u>Tuner/Finley</u> letter[1] on September 15, 2016. On September 21, 2016, this Court issued a pre-dismissal notice pursuant to Pa.R.Crim.P. 907, notifying Alleyne of this Court's intention to dismiss his PCRA petition without a hearing and of his right to respond to the Rule 907 notice.[2] Alleyne filed a response on October 17, 2016, objecting to the proposed dismissal. On October 20, 2016, this Court entered a final order of dismissal, which is at issue in this appeal.

Alleyne timely filed a notice of appeal and a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) as directed by this Court.

## ISSUES

I.    <u>Whether counsel had a reasonable basis in not compelling discovery regarding Ms. Stallings' phone records.</u>

II.    <u>Whether all other claims are waived under the PCRA.</u>

## DISCUSSION

### Standard of Review

Our appellate court's standard of review of an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. <u>Commonwealth v. Kimbrough</u>, 938 A.2d 447 (Pa.Super. 2007). In evaluating a PCRA court's

---

[1]    A copy of counsel's <u>Turner/Finley</u> letter is attached to this Opinion so that it is part of the record.

[2]    The pre-dismissal notice also permitted PCRA counsel to withdraw from representation.

3

decision, the scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. Commonwealth v. Colavita, 993 A.2d 874, 886 (Pa. 2010).

## Eligibility under the PCRA

In order to be eligible for PCRA relief, Appellant must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (setting forth the eligibility requirements of the PCRA). Further, a petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. Id. § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." Id. § 9544(a)(2). A PCRA claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." Id. § 9544(b); see also, Commonwealth v. Hanible, 30 A.3d 426, 438–39 (Pa. 2011)

I.    Counsel had a reasonable basis in not comp elling discovery regarding Ms. Stallings' phone records.

To prevail on a claim of ineffectiveness of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstance of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Commonwealth v. Anderson, 995 A.2d 1184, 1191

4

(Pa.Super. 2010). The law presumes counsel was effective and thus, the burden of proving otherwise rests with the defendant. Commonwealth v. Zook, 887 A.2d 1218, 1227 (Pa. 2005). To properly plead ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. Commonwealth v. Tedford, 598 Pa. 639, 960 A.2d 1 (Pa. 2008) (citing Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 19987) (adopting the U.S. Supreme Court's holding in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. Johnson, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). A "reasonable probability" is, for example, a probability sufficient to undermine confidence in the verdict returned by the jury. Commonwealth v. Bardo, 629 Pa. 352, 363, 105 A.3d 678, 684 (2014). A claim will be denied if the petitioner fails to meet any one of these requirements. Commonwealth v. Springer, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing Commonwealth v. Natividad, 938 A.2d 310, 322 (Pa. 2007));

At trial, the Commonwealth proved its case by circumstantially tying Alleyne to a pay phone that was located near Laurel House which was used to make harassing and threatening calls to Ms. Stallings' cell phone and to 911, falsely reporting a fire. Alleyne's defense was that he did not make any

5

calls to Ms. Stallings on November 15, 2013, and did not ask anyone else to call Ms. Stallings on his behalf from the pay phone. (Bench Trial 10/31/14 pp. 115 - 137). In addition, Alleyne explained his presence in the vicinity of the pay phone that was used to make the calls. It was Alleyne's testimony that he received a call from Ms. Stallings on November 15, 2013, asking for his help and that based on that request he went to Norristown near Laurel House, where the pay phone was located. Id. at 115 - 116. There was a pretrial agreement that there would be no phone records offered into evidence. Id. at 116 - 117. It was discussed in conference. Id. at 117.

In Alleyne's *pro se* PCRA petition and accompanying memorandum of law he argues that Ms. Stalling's phone records would "verify her communications with the appellant during the alleged events." However, Ms. Stallings' phone records would not have helped Alleyne. His defense at trial was that he was not the one who made harassing calls to her and that he was not the one who called in a 911 false report from the pay phone. Whether Ms. Stalling called Alleyne's phone on November 15, 2013, is irrelevant as to whether Alleyne made threatening and harassing phone calls to her from the pay phone or whether he called in a false fire alarm to 911 from the pay phone. At most, the phone records could have corroborated that Ms. Stallings called Alleyne on November 15, 2013, as Alleyne testified. This is of minimal consequence. Even if true that Ms. Stallings called Alleyne, it does nothing to bolster his explanation as to why he was in the vicinity of Laurel House because the phone records only document that a call was made and not the contents of

6

the call. Therefore, counsel was reasonable in her course of action in not compelling the discovery of Ms. Stallings' phone records as they were irrelevant to the case, and no prejudice resulted from the failure to do so.

II.     All other claims are waived under the PCRA.

The other two issues raised in Alleyne's concise statement of errors complained of on appeal are waived under the PCRA, namely that (1) "[h]e was never provided with the complete discovery materials" and (2) the prosecutor committed misconduct and infected the trial with unfairness by knowingly, intentionally and willfully withhold[ing] discovery materials needed to prepare [a] defense..." Both are ineligible for PCRA review because they are waived. They could have been raised on direct appeal, but they were not.

## CONCLUSION

Based on the foregoing analysis, the order dated October 19, 2016, dismissing Alleyne's PCRA petition should be affirmed.

BY THE COURT:

WILLIAM R. CARPENTER     J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38TH JUDICIAL DISTRICT

Copies sent on January 23, 2017
By Interoffice Mail to:
Court Administration
By First Class Mail to:
Adrian Alleyne #MN2937
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

7